JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
  sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
Zappos.com LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHELIUS,<br><br>              Plaintiff,<br><br>v.<br><br>ZAPPOS.COM LLC d/b/a Zappos.com,<br><br>              Defendant. | Case No. __2:25-CV-443_____<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, No. 24STCV33001]<br><br>Compl. Filed:        December 13, 2024<br>Compl. Served:      December 17, 2024<br>Action Removed:  January 16, 2025 |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Zappos.com LLC files this Notice of Removal (Notice) and removes this action from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California.  The grounds for removal are as follows:

1.     On December 13, 2024, Plaintiff filed the above-captioned complaint, Case No. 24STCV33001, in the Superior Court of California, Los Angeles County (the State Court Action).  Plaintiff served Zappos on December 17, 2024.  Copies of all papers and process received by Zappos or filed in the State Court Action are attached as **Exhibit A**.

## DIVERSITY JURISDICTION

2.     This Court has original jurisdiction over this action based on 28 U.S.C. § 1332(a)(2) because it is a civil action between Plaintiff, a citizen of California, and Zappos, a citizen of Delaware, where its members are organized, and Washington, where its members have their principal place of business, and the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

3.     There is complete diversity of citizenship between Plaintiff and Zappos in this action.  Complete diversity requires that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litig*., 549 F.3d 1223, 1234 (9th Cir. 2008).

4.     Plaintiff is a natural person residing in California.  Compl. ¶ 10.

5.     For purposes of assessing diversity jurisdiction, "LLCs have the citizenship of all of their owners/members."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).  The sole member of Zappos is Amazon.com Services LLC.  The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

business in the State of Washington.  Therefore, Zappos is a citizen of Delaware and Washington.

### MORE THAN $75,000 IN CONTROVERSY

6. The amount in controversy in this action exceeds $75,000.  "[T]he amount in controversy … encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 791 (9th Cir. 2018).  Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

7. The Complaint seeks statutory damages pursuant to Cal. Penal Code § 637.2(a)(1) in the amount of $5,000 per violation of the California Invasion of Privacy Act (CIPA).  Compl. ¶¶ 46, 57, & Prayer.  The Complaint alleges Zappos violated CIPA §§ 631 and 638.51 by using routine analytics and advertising software on its website each time Plaintiff visited or interacted with the website. *Id.* ¶¶ 40–58.  Without conceding the merits of Plaintiff's claims, these allegations put at least $10,000 in controversy.

8. The Complaint also seeks punitive damages. *Id.* ¶¶ 5, 70, & Prayer. "The amount in controversy may include punitive damages." *Karn v. Bayview Loan Servicing, LLC*, 2018 WL 3064301, at *4 (C.D. Cal. June 20, 2018). "Although, the appropriate ratio of punitive to compensatory damages will vary from case to case, many courts in the Ninth Circuit have found a ratio of three to one appropriate." *Guadarrama v. Chadorbaff*, 2018 WL 5816191, at *11 (C.D. Cal. Apr. 30, 2018).  Without conceding the merits of Plaintiff's claims, these allegations put at least another $30,000 in controversy.

Davis Wright Tremaine LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

9.      The Complaint also seeks "injunctive relief to require the Defendant from ceasing the challenged conduct." Compl. ¶¶ 47, 58, & Prayer. "[W]here the value of a plaintiff's potential recovery … is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001). These injunctive relief Plaintiff seeks would include the costs of making changes to Zappos's technology regarding tracking customer information, such as research, purpose, and coding of new technology and services. Without conceding the merits of Plaintiff's claims, the injunctive relief would likely cost over $50,000.

10.     The Complaint also seeks attorneys' fees. Compl. ¶ 5 & Prayer. Attorneys' fees authorized by statute count toward the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees … such fees may be included in the amount in controversy").

11.     In the aggregate, the amount of statutory damages, punitive damages, cost of compliance with any injunction, and attorney's fees exceed $75,000.

12.     Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

## **REMOVAL IS TIMELY**

13.     This Notice is also timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of Plaintiff's December 17, 2024 service of the Complaint.

14.     The United States District Court for the Central District of California is the proper place to remove this action under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the State Court Action was filed and is pending. *See* 28 U.S.C. §§ 1441(a), 1446(a).

NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

15.    Concurrent with this filing, Zappos will provide a copy of this Notice to Plaintiff and file a copy of this Notice with the Superior Court of California, Los Angeles County, as required by 28 U.S.C. § 1446(d).

16.    In filing this Notice, Zappos does not waive, and specifically reserves, any and all defenses, motions, and pleas, including those concerning service, venue, jurisdiction, or any other objections it may have.

THEREFORE, Zappos respectfully requests that the above action pending against it in the Superior Court of California, Los Angeles County, be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

DATED: January 16, 2025          DAVIS WRIGHT TREMAINE LLP
                                 JAMES H. MOON
                                 SANCHO ACCORSI


                                 By: /s/ James H. Moon
                                           James H. Moon

                                 Attorneys for Defendant
                                 Zappos.com LLC

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

**Electronically FILED by
Superior Court of California,
County of Los Angeles
12/13/2024 12:34 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk**

1  Evan J. Smith, Esquire (SBN 242352)
   esmith@brodskysmith.com
2  Ryan P. Cardona, Esquire (SBN 302113)
   rcardona@brodskysmith.com
3  BRODSKY SMITH
   9465 Wilshire Blvd., Ste. 300
4  Beverly Hills, CA 90212
   Telephone:  (877) 534-2590
5  Facsimile: (310) 247-0160

6  *Attorneys for Plaintiff*

7

                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                        COUNTY OF LOS ANGELES
9

10 JAMES CHELIUS,                          CASE NO.: 24STCV33001

11                      Plaintiff,          JUDGE:

12         vs.                              DEPT.:

13 ZAPPOS.COM LLC D/B/A                     **COMPLAINT FOR:**
   WWW.ZAPPOS.COM,
14                                          1. **VIOLATION OF CALIFORNIA PENAL
                     Defendant.                CODE § 630, *et. seq.*;**
15
                                            2. **VIOLATION OF CALIFORNIA PENAL
16                                             CODE § 638.51**

17                                          3. **INVASION OF PRIVACY**

18                                          <u>**JURY TRIAL DEMANDED**</u>
19

20

21        Plaintiff James Chelius (hereinafter, "Plaintiff"), through the undersigned counsel, files

22 this action against defendant Zappos.com LLC d/b/a www.zappos.com (hereinafter "Defendant"

23 or "Zappos") and alleges upon information and belief, except for those allegations that pertain to

24 him, which are alleged upon personal knowledge, as follows:

25                                **<u>INTRODUCTION</u>**

26        1.      To learn the identity of anonymous visitors to www.zappos.com (the "Website")

27 and monetize its knowledge of those visitors and their online habits, Defendant has secretly

28

deployed spyware that accesses visitor devices, installs tracking software, and surveils their browsing habits.

2.      Plaintiff visited Defendant's Website and purchased shoes being sold by the Defendant.  Without being provided notice or Plaintiff's consent, Defendant secretly used "pen register" and "trap and trace" software ("PR/TT Spyware"), to access Plaintiff's device and install tracking software in violation of California law.

3.      Additionally, Defendant also secretly employed third party vendors, to secretly embed portions of computer code ("Session Replay Code") on the Website.  Such code deploys itself on the internet browser of each consumer visiting the Website for the purpose of allowing devices and/or processes to intercept and record the visiting consumer's electronic communications with the Website, including their mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of web pages visited, and/or other electronic communications in real-time ("Website Communications").  Third-party vendors, create and deploy Session Replay Code on the Website at Zappos' request.

4.      Defendant's unfair, deceptive, and unlawful practices of installing such software to improperly utilize Plaintiff's and other California consumers' data in order to gain monetary advantages has resulted in numerous violations of privacy against such persons.

5.      As such Plaintiff brings the instant action seeking statutory damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs, and other appropriate relief.

## JURISDICATION AND VENUE

6.      Defendant is subject to jurisdiction in this state under Cal. Penal Code section 502(j) which provides that a person who accesses a computer from another jurisdiction is deemed to have personally accessed the computer in California.  Plaintiff was in California when Defendant accessed Plaintiff's device and installed tacking code.

7.      Additionally, Plaintiff utilized the Website to purchase a pair of Footwear Tactical Sport 2 Tall Side Zip DryGuard Boots, Black size 12 4E, for a total cost of $142.34 (the "Product") from Defendant via the Website on December 10, 2024.  Defendant sold and thereafter shipped said Product into California to Plaintiff.

8.      Jurisdiction is also proper as Defendant purposefully availed itself to the jurisdiction by shipping consumer goods to Plaintiff who resides in the jurisdiction.

9.      Venue is proper in this County because Plaintiff resides in this County and the actions giving rise to the allegations contained herein occurred in this County.

## THE PARTIES

10.     Plaintiff is a resident of California.

11.     Zappos.com LLC is a Delaware Limited Liability Company with its principal address at 400 East Stewart Avenue, Las Vegas, NV 89101.

12.     To Plaintiff's belief and knowledge Defendant owns and/or operates the Website to sell goods to consumers in California, amongst other locales.

## SUBSTANTIVE ALLEGATIONS

**A.  The California Invasion of Privacy Act**

13.     The California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.*, is explicitly intended to protect certain privacy rights of California citizens, with the California Legislature expressly recognized that "the development of new devices and techniques for the purpose of eavesdropping upon private communications … has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."  Cal. Penal Code § 630.

14.     CIPA proscribes any "person" from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." Cal. Penal Code § 638.51(a)

15.     The act goes on to define a "pen register" as a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication."  Cal. Penal Code § 638.50(b).

16.     Furthermore, a "trap and trace device" is defined as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a

wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(b).

17.    To put simply, a "pen register" is a "device or process" that records outgoing information, whereas a "trap and trace device" is a "device or process" that records incoming information. A "pen register" and "trap and trace device" are collectively referred to herein as "PenTraps" or "PR/TT", and the offending software complained of herein as "PR/TT Spyware".

18.    Historically, law enforcement used "pen registers" to record the numbers of outgoing calls from a particular telephone line, while law enforcement used "trap and trace devices" to record the numbers of incoming calls to that particular telephone line. As technology advanced, however, courts have expanded the application of those surveillance devices consistent with changes in both federal and state law.

19.    For example, with the passage of the 2001 USA PATRIOT Act, the Pen-Trap definition was expanded to include a device or process to keep up with the advancement and evolution of Internet technologies and communications. In 2015, the California Legislature overwhelmingly adopted this updated and expanded definition without a single vote in opposition. See Stats. 2015, ch. 204, § 1 (A.B. 929) (eff. Jan. 1, 2016); see also *In re Order Authorizing Prospective & Continuous Release of Cell Site Location Recs.*, 31 F. Supp. 3d 889, 898 n.46 (S.D. Tex. 2014) (citing *Susan Freiwald, Uncertain Privacy: Communication Attributes After the Digital Telephony Act*, 69 S. Cal. L. Rev. 949, 982-89 (1996) (describing the evolution of PR/TT technology from mechanical device to computer system)).

20.    For example, if a user sends an email, a "pen register" might record the email address it was sent from, the email address that the email was sent to, and the subject line—because this is the user's outgoing information. On the other hand, if the same user receives an email, a "trap and trace device" might record the email address it was sent from, the email address it was sent to, and the subject line—because this is incoming information that is being sent to that same user.

21.    Although CIPA was enacted before the dawn of the Internet, "the California Supreme Court regularly reads statutes to apply to new technologies when such a reading would

not conflict with the statutory scheme." *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *21 (N.D. Cal. Sept. 26, 2013); *see also*, *Greenley v. Kochava*, No. 22-cv-01327-BAS-AHG, - F. Supp. 3d -, 2023 WL 4833466, at *15 (S.D. Cal. July 27, 2023) (referencing CIPA's "expansive language" when finding software was a "pen register"); *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, [CIPA] Section 631(a) applies to Internet communications."). This accords with the fact that "when faced with two possible interpretations of CIPA, the California Supreme Court has construed CIPA in accordance with the interpretation that provides the greatest privacy protection." *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *19 (N.D. Cal. Aug. 12, 2016).

22.    Additionally, CIPA proscribes any person from aiding and abetting the invasion of privacy by third parties. Specifically, Cal. Penal Code § 631(a), a plaintiff need only establish that a defendant, "by means of any machine, instrument, contrivance, or in any other manner" does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument of any internal telephonic communication system,
>
> Or
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within the state,
>
> Or
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> Or

Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

Cal. Penal. Code § 631(a).

23. Notably, Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See*, *Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, --- F.3d --- 2020 WL 1807978 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

24. Session Replay Code, allowing third parties to surreptitiously intercept communications of users to the Website, clearly falls into the above categories of conduct CIPA is designed to curtail.

**B. PR/TT Spyware and Session Replay Code are Utilized to De-Anonymize Otherwise Anonymous Website Visitors and Track and Surveil Such Users.**

25. Individuals who use devices to connect to an Internet website are typically anonymous and expect to remain anonymous. However, certain website operators, in an effort to monetize the personally identifiable information ("PII") of individuals accessing their websites, secretly attach a "tracking beacon" to visitor devices that are then used to track and surveil users in.

26. The tracking software will connect fragments of information – such as a unique IP address, user's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature – with connections between them. The tracking software also connects and correlates "undeclared identifiers," such as membership in an email or subscriber list, demographics,

purchases/transactions, visits to online news sites, survey results, voter registration, and motor vehicle records.

27.   Using tracking software, a website owner can correlate a grouping of fragments and the connections between them to create a unique digital profile of each individual website visitor. This process is known as "digital fingerprinting."

28.   If a website owner can link a unique digital profile created by digital fingerprinting to a particular individual, the website owner can assemble a detailed picture of a person's private life, including: the online services for which an individual has registered; personal interests based on websites visited; organizational affiliations; where the individual has been physically; a person's political and religious affiliations; individuals with whom they have leanings and with whom they associate; and where they travel, among other things. *See*, https://www.priv.gc.ca/en/opc-actions-anddecisions/research/explore-privacy-research/2013/ip_201305/.

29.   Digital fingerprinting of a website's users allows the website owner or its agent to monitor user activity (such as page views, searches, or purchases), de-codes the device used by each website visitor, and enables a website to identify the location, race, age, preferences, internet browsing history, and ethnicity of each user.  This data is captured and processed for the purpose of identifying the source of electronic communications on the website for consumer identification purposes.

30.   For the preceding reasons, the ability to link a unique digital profile to a specific individual using digital fingerprinting is of great monetary value.  Indeed, it has created an entire industry known as "identity resolution."  Identity resolution is generally defined as "the ability to recognize an individual person, in real-time, by connecting various identifiers from their digital interactions across devices and touchpoints."  *See* https://www.fullcontact.com/identity-resolution/.

31.   One way a website owner can gather digital fingerprints as part of its identity resolution efforts is by deploying PR/TT Spyware on its website.

32.     PR/TT Spyware captures electronic impulses that identify the originating source of Internet communication by capturing routing, address, or signaling information.

33.     Similarly, Session Replay Code enables website operators and Session Replay providers to intercept, record, save, and replay website visitors' interactions with a given website.

34.     This is accomplished by the Session Replay provider, inserting the Session Replay Code into the various event handling routines that web browsers use to receive input from users, thus intercepting the occurrence of actions the user takes. When a website delivers Session Replay Code to a user's browser, the code waits and listens for specified events and communications, like a traditionally tapped phone, and each time an event triggers the code the browser will follow the code's instructions by sending responses in the form of "event" data to a designated third-party server. Typically, the server receiving the event data is controlled by the third-party entity that wrote the Session Replay Code, rather than the owner of the website where the code is installed.

35.     The types of events captured by Session Replay Code vary by specific product and configuration, but in general are wide-ranging and can encompass virtually every user action, including all mouse movements, clicks, scrolls, zooms, window resizes, keystrokes, text entry, and numerous other forms of a user's navigation and interaction through the website.  In order to permit a reconstruction of a user's visit accurately, the Session Replay Code must be capable of capturing these events at hyper-frequent intervals, often just milliseconds apart. Events are typically accumulated and transmitted in blocks periodically throughout the user's website session, rather than after the user's visit to the website is completely finished.

36.     Once such data is captured by the Session Replay Code, the third party Session Replay provider is able to store such data and replay it, similarly to running back a video, to carefully analyze all inputs, keystrokes, and other data input by the user onto a website utilizing such Session Replay Code.

37.     Session Replay Code is likely to even capture information that a user did not intend to provide to the website utilizing such code.  For example, a consumer who entered the banking details of their VISA card into a payment field on a website utilizing Session Replay Code when they meant to provide similar details for their American Express card will have unknowingly

provided details for both to the Session Replay provider – the Session Replay Code captures all keystrokes made on the website regardless of whether a completed form is submitted by the user.

38.    Session Replay Code also is highly likely to de-anonymize all users on the Website, as it will necessarily capture any and all information submitted to the Website for purchase and shipping details, including a user's e-mail address, phone number, physical address, name, etc.

39.    The PII that can be captured by Session Replay Code is likely to include highly private and sensitive information including credit card details, medical information, and password information, amongst other things.

### COUNT I

### (For Violations of CIPA, Cal. Penal Code § 638.51)

40.    Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

41.    Section 638.51 of Cal. Penal Code provides that it is illegal to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." Cal. Penal Code § 638.51(a).  A "'Pen register' means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication.  Cal. Penal Code § 638.50(b).

42.    The Defendant deployed illegal PR/TT by placing Spyware website cookies/beacons on the Plaintiff's device.

43.    The PR/TT allowed Defendant to knowingly and criminally access Plaintiff's device, and obtain Plaintiff's personal information including, inter alia, Plaintiff's IP address.

44.    The Defendant deployed the PR/TT without providing privacy tracking or cookie disclaimers or notifications thru popups, modals, dialogs, or banners.  Plaintiff did not consent to Defendant's actions.

45.    Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's caused by the violation of Plaintiff's right to privacy.

46.     Plaintiff is entitled to statutory damages of $5,000.  *See*, Cal. Penal Code § 637.2(a)(1).

47.     Plaintiff further seeks, as provided under CIPA, injunctive relief to require the Defendant from ceasing the offending conduct, as well as attorneys' fees and costs of suit, and all other relief that is necessary, just, proper, and appropriate.

## COUNT II

### (For Violations of CIPA, Cal. Penal Code § 630 *et seq.*)

48.     Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

49.     CIPA proscribes any person from aiding and abetting the invasion of privacy by third parties.   Specifically, Cal. Penal Code § 631(a), a plaintiff need only establish that a defendant, "by means of any machine, instrument, contrivance, or in any other manner" does any of the following:

Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument of any internal telephonic communication system,

Or

Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within the state,

Or

Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

Or

Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

Cal. Penal. Code § 631(a).

50. Defendant aided and abetted third party Session Replay code providers to intercept components of Plaintiff's private electronic communications and transmissions when Plaintiff accessed the Website from within the State of California.

51. At all relevant times, Defendant's business practices of injection Session Replay Code allowed third parties unauthorized by Plaintiff to access, intercept, learn the contents of, and collect Plaintiff's substantive communications, PII, and other data. This included Plaintiff's sensitive information including credit card information that was entered at the time of Plaintiff's purchase.

52. By using the "Session Replay Code" spyware to allow others to track, record, and attempt to learn the contents of Plaintiff's electronic communications, Defendant knowingly and intentionally aided and abetted others to tap and learn the contents of Plaintiff's communications as they were in transit and being sent from or received in California.

53. Plaintiff has an objective, reasonable expectation of privacy in his Website Communications. The Defendant deployed the Session Replay Code spyware without providing privacy tracking or cookie disclaimers or notifications thru popups, modals, dialogs, or banners

54. Plaintiff did not consent to, nor authorize Defendant's intrusion at the time it occurred. Plaintiff never agreed that Defendant could disclose the content of his Website Communications or credit card information to third parties.

55. Plaintiff has an objective interest in precluding the dissemination and/or misuse of his information and communications and in conducting his personal activities without intrusion or interference, including the right to not have his personal information intercepted and utilized for business gain.

56. Plaintiff suffered both an economic injury and an intangible injury caused by the violation of Plaintiff's right to privacy.

57. Plaintiff is entitled to statutory damages of $5,000. *See*, Cal. Penal Code § 637.2(a)(1).

58.    Plaintiff further seeks, as provided under CIPA, injunctive relief to require the Defendant from ceasing the offending conduct, as well as attorneys' fees and costs of suit, and all other relief that is necessary, just, proper, and appropriate.

## COUNT III

### (For Invasion of Privacy)

59.    Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

60.    The California Constitution recognizes the right to privacy inherent in all residents of the State and creates a private right of action against private entities that invade that right.

61.    Article I, Section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

62.    The right to privacy was added to the California Constitution in 1972, through Proposition 11 (called the "Right to Privacy Initiative").  Proposition 11 was designed to codify the right to privacy, protecting individuals from invasions of privacy from both the government and private entities alike: "The right of privacy is the right to be left alone. It is a fundamental and compelling interest. . . . It prevents government and business interests from collecting and stockpiling unnecessary information about us and from misusing information gathered for one purpose in order to serve other purposes or to embarrass us.  Fundamental to our privacy is the ability to control circulation of personal information." Ballot Pamp., Proposed Stats. and Amends. to Cal. Const. with arguments to voters, Gen. Elec. (Nov. 7, 1972), argument in favor of Prop. 11, p. 27; *see also*, *Hill v. Colorado*, 530 U.S. 703, 716 (2000) (the right to privacy includes right to be free in one's home from unwanted communication); *Hill v. National Collegiate Athletic Assn.* (1994), 7 Cal.4th 1, 81, (Mosk, J., dissenting).

63.    Plaintiff has a legally protected privacy interests, as recognized by the California Constitution, CIPA, and common law.

64.     Plaintiff had a reasonable expectation of privacy under the circumstances, as they could not have reasonably expected that Defendant would violate state privacy laws and would install software on their personal computer and/or mobile device that would track and transmit their physical location and communications and share Plaintiff's PII with other parties.

65.     Defendant's conduct violates, at a minimum:

a.   The right to privacy in data, communications and personal information contained on personal devices;

b.   The California Constitution, Article I, Section 1;

c.   The California Wiretapping Act;

d.   The California Invasion of Privacy Act; and

e.   The California Computer Data Access and Fraud Act.

66.     Defendant's conduct in secretly intercepting and collecting Plaintiff's PII, location data, and communications is an egregious breach of societal norms and is highly offensive to a reasonable person.

67.     Defendant's conduct in analyzing, using, and sharing with third parties the personal information and communications that Defendant intercepted and took from Plaintiff is an egregious breach of societal norms and is highly offensive to a reasonable person, and violates Plaintiff's reasonable expectations of privacy.

68.     Plaintiff did not consent for Defendant to track, collect, or use their personal information and communications.

69.     As a direct and proximate result of Defendant's invasions of their privacy, Plaintiff was injured and suffered damages. Plaintiff is entitled to equitable relief and just compensation in an amount to be determined at trial.

70.     By knowingly violating Plaintiff's privacy and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice.  As such, Defendant is liable for punitive damages.

71.     Defendant was unjustly enriched as a result of its invasion of Plaintiff's privacy.

72.    Plaintiff further seeks injunctive relief to require the Defendant to cease the offending conduct.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for and demands judgment against Defendant and requests the following relief:

A.    That this Court order Defendant to cease its violations of CIPA and the invasion of Plaintiff's privacy through its acts on the Website;

B.    That this Court issue an Order requiring Defendant to pay statutory damages, punitive damages, and attorney's fees;

C.    For prejudgment interest to the extent allowed by law;

D.    For costs of suit incurred herein; and

E.    That this Court award such other and further relief as it deems necessary, just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: December 13, 2024                    BRODSKY SMITH

By: *Evan J. Smith*
Evan J. Smith, Esquire (SBN242352)
esmith@brodskysmith.com
Ryan P. Cardona, Esquire (SBN 302113)
rcardona@brodskysmith.com
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

COMPLAINT

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ZAPPOS.COM LLC D/B/A WWW.ZAPPOS.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES CHELIUS,

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/13/2024 12:34 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
**24STCV33001**

Superior Court of California - Los Angeles County
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan J. Smith, Brodsky Smith, 9465 Wilshire Blvd., Ste. 300 Beverly Hills, CA 90212 877-534-2590

DATE:          12/13/2024          Clerk, by          David W. Slayton, Executive Officer/Clerk of Court          , Deputy
*(Fecha)*                          *(Secretario)*          D. Williams                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Evan J. Smith (SBN242352)<br>Brodsky Smith - 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212<br><br>TELEPHONE NO.: 877-534-2590    FAX NO.: 310-247-0160<br>EMAIL ADDRESS: esmith@brodskysmith.com<br>ATTORNEY FOR *(Name):* James Chelius | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**12/13/2024 12:34 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By D. Williams, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111. N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
James Chelius v. Zappos.com LLC d/b/a www.zappos.com

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✗] **Unlimited** [ ] **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV33001<br><br>JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✗] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✗] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✗] monetary  b. [✗] nonmonetary; declaratory or injunctive relief  c. [✗] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✗] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 13, 2024
Evan J. Smith (SBN 242352)
_____
(TYPE OR PRINT NAME)

▶ *Evan J. Smith*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

| SHORT TITLE | CASE NUMBER |
|---|---|
| James Chelius v. Zappos.com LLC d/b/a www.zappos.com | 24STCV33001 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| James Chelius v. Zappos.com LLC d/b/a www.zappos.com | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, ②, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| James Chelius v. Zappos.com LLC d/b/a www.zappos.com | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| James Chelius v. Zappos.com LLC d/b/a www.zappos.com | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| James Chelius v. Zappos.com LLC d/b/a www.zappos.com | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 116 Montreal St. |
|---|---|

| CITY: Playa Del Rey | STATE: CA | ZIP CODE: 90293 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 12/13/2024

*Evan J. Smith*
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>12/13/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV33001 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Rupert A. Byrdsong | 28 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  12/16/2024
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By D. Williams _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



# Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

<u>**What is ADR?**</u>
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

<u>**Advantages of ADR**</u>
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

<u>**Disadvantages of ADR**</u>
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

<u>**Main Types of ADR**</u>
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Brodsky Smith<br>Evan J. Smith SBN 242352<br>Ryan P. Cardona SBN 302113<br>9465 Wilshire Blvd., Ste. 300<br>Beverly Hills, CA 90212<br><br>       TELEPHONE NO:  (877) 534-2590     FAX NO *(Optional)*:<br>  E-MAIL ADDRESS *(Optional)*:  esmith@brodskysmith.com<br>    ATTORNEY FOR *(Name)*:  Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/18/2024 10:04 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Saxon, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles | |
|---|---|
|   STREET ADDRESS:  111 N. Hill Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:  Los Angeles, 90012-3117<br>  BRANCH NAME:  Central District | |

| PLAINTIFF / PETITIONER:  James Chelius<br>DEFENDANT / RESPONDENT:  Zappos.Com LLC | CASE NUMBER:<br>24STCV33001 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>12357540 (24335687) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
      ZAPPOS.COM LLC D/B/A WWW.ZAPPOS.COM
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify named and relationship to the party named in item 3a)*:
      CSC Lawyers Incorporating Service - Crystal Collins - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Dec 17 2024      (2) at *(time)*:   01:30 PM
   b. [ ] **by substituted service.** On *(date)*:                                    at *(time)*:                        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                          or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   James Chelius | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Zappos.Com LLC | 24STCV33001 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):*                               (2)  from *(city):*

  (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):*   ZAPPOS.COM LLC D/B/A WWW.ZAPPOS.COM

  under the following Code of Civil Procedure section:

  ☐  416.10 (corporation)                              ☐  415.95 (business organization, form unknown)
  ☐  416.20 (defunct corporation)                      ☐  416.60 (minor)
  ☐  416.30 (joint stock company/association)          ☐  416.70 (ward or conservatee)
  ☐  416.40 (association or partnership)               ☐  416.90 (authorized person)
  ☐  416.50 (public entity)                            ☐  415.46 (occupant)
  ☒  other:   Corp. Code 17701.16, LLC

7.  **Person who served papers**

  a.  Name:                       Tyler DiMaria

  b.  Address:                    1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

  c.  Telephone number:           800-938-8815

  d.  **The fee** for service was:   $40.00

  e.  I am:

  (1)  ☐  not a registered California process server.

  (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

  (3)  ☒  a registered California process server:

  (i)  ☐  owner  ☐  employee  ☒  independent contractor

  (ii)  Registration No:   2006-006

  (iii)  County:   Sacramento

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   December 18, 2024

Tyler DiMaria

_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
                                   (SIGNATURE)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
James Chelius

DEFENDANT:
Zappos.com LLC

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

12/17/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Brown _____ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
24STCV33001

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 04/28/2025    Time: 8:30 AM    Dept.: 28

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 12/17/2024

Judicial Officer

Rupert A. Byrdsong / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _____ Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Evan J. Smith
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212

David W. Slayton, Executive Officer / Clerk of Court

Dated: 12/17/2024

By _____ S. Brown _____
Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH



**null / ALL**
**Transmittal Number: 30611749**
**Date Processed: 01/15/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Kimberly Thomas<br>Lynn Foley-Jefferson<br>Lizette Fernandez<br>Lam Lo<br>Karen Curtis<br>Stephanie Habben<br>Vivian Ching<br>Amanda Rida<br>Theresa Nixon<br>Maria Catana<br>Lacy O'Block |

| | |
|---|---|
| **Entity:** | Zappos.com LLC<br>Entity ID Number  2854183 |
| **Entity Served:** | Zappos.Com LLC d/b/a Www.Zappos.com |
| **Title of Action:** | James Chelius vs. Zappos.com LLC d/b/a www.zappos.com |
| **Matter Name/ID:** | James Chelius vs. Zappos.com LLC d/b/a www.zappos.com (16658718) |
| **Document(s) Type:** | Notice |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24STCV33001 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/13/2025 |
| **Answer or Appearance Due:** | 04/28/2025 |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Brodsky Smith<br>877-534-2590 |
| **Client Requested Information:** | Amazon Case Type: N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com